UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON et al.,

        Plaintiffs,        Case No. 1:12-cv-1364

v.        Honorable Paul L. Maloney

RICK SNYDER et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983 and state law. The Court has granted Plaintiffs leave to proceed *in forma pauperis*, and they will pay the filing fee as funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying the foregoing standards, Plaintiffs' § 1983 claim will be dismissed because the complaint fails to state a claim and/or because Defendants are immune from relief. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Thus, Plaintiffs' action will be dismissed.

**Factual Allegations**

Plaintiffs James Jackson and Dustin Darnell are incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). In their *pro se* complaint, they name the following defendants: the State of Michigan, Michigan Governor Rick Snyder, the MDOC, MDOC Director Daniel Heyns (spelled "Hienz" in the complaint), IBC Warden Ken McKee, and two media organizations, The History Channel and The Detroit News. (Compl., docket #1, Page ID##1-2.)

Plaintiffs allege that prison officials refuse to acknowledge the "legitimacy" of Plaintiffs' religious group, "The Nations of God and Earth" (NGE) (also called the "5 Percenters"), and have "criminalized" it. (*Id.* at Page ID#4.) In addition, some members of the group have been "threatened" with STG[1] classification or have suffered unspecified persecution and harassment from state authorities because of their "sincere religious beliefs." (*Id.*) Plaintiffs accuse the state Defendants of violating Plaintiffs' First Amendment right to assemble and to practice their religion.

Plaintiffs further allege that The History Channel has published news stories depicting NGE as a criminal organization, and that several news agencies have published allegedly "defamatory" stories depicting NGE as a criminal enterprise. (*Id.* at Page ID#5.) Plaintiffs accuse The History Channel, The Detroit News, and the MDOC of libel and slander under Michigan law. *See* Mich. Comp. Laws § 750.370. Plaintiffs contend that Defendants have misinterpreted Michigan law regarding criminal enterprises. *See* Mich. Comp. Laws §§ 750.159f-.159g (defining criminal enterprises and racketeering).

---

[1]An STG, or security threat group, "is a group of prisoners designated by the [MDOC] Director as possessing common characteristics which . . . , as a discrete entity, poses a threat to staff or other prisoners or to the custody and security of the facility." MDOC Policy Directive 04.04.113 (effective Nov. 1, 2010).

As relief in this action, Plaintiffs seek damages and an injunction requiring "decriminalization" of NGE and "recognition of [its] legitimacy" in the state prison system. (Compl., docket #1, Page ID#6.) For Plaintiffs, recognition of NGE means allowing its members to "assemble" and to "practice such beliefs in both Forum, Mass or Other such Assemb[lies.]" (*Id.*) Decriminalization of NGE means decriminalization of membership in NGE and expungement of STG status for members of the NGE who are incarcerated by the MDOC. In addition, Plaintiffs have filed a motion for preliminary injunctive relief and/or a declaratory judgment that they have exhausted their administrative remedies with respect to the claims asserted in their action.

## Discussion

### I. Immunity

Plaintiffs may not maintain a § 1983 action against the State of Michigan or the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (on

its own or acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss the § 1983 action against the State of Michigan and the MDOC.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Rights of Others

Plaintiffs' complaint alludes to injuries suffered by other inmates, including STG classification and unspecified harassment and persecution. Absent class certification, which Plaintiffs have not requested, Plaintiffs lack standing to bring claims on behalf of others. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92–3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Furthermore, federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. *See* 28 U.S.C. § 1654 (providing that "in all courts of the United States, the parties may plead and conduct their own cases personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"). Section 1654 clearly makes no provision for a *pro se* party to represent others, and the federal courts have long held that it preserves a party's right to proceed *pro se*, but only with respect to that person's own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993);

*Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Thus, Plaintiffs may not seek relief on behalf of other prisoners.

### B. First Amendment

Plaintiffs assert that Defendants Snyder, Heyns, and McKee violated Plaintiffs' First Amendment rights, including their right to practice their religion. While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiffs must allege that: (1) the belief or practice they seeks to protect is religious within his own "scheme of things," (2) that this belief is sincerely held, and (3) that Defendants' conduct infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348,1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

Plaintiffs allege no facts regarding their beliefs or practices, nor do they allege that a named Defendant ever refused a request to accommodate them. Instead, the complaint implies members of the NGE are not permitted to assemble, and it vaguely asserts that unidentified prison officials have somehow "criminalized" the NGE, or have harassed or threatened unidentified NGE members. Such allegations do not present "enough facts" to state a claim by Plaintiffs that is "plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, Plaintiffs allege no facts tying Defendants Snyder, Heyns, or McKee to their constitutional claim. Indeed, those Defendants are not even mentioned in the body of the

complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where, as here, a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

Even if prison officials at IBC denied Plaintiffs the opportunity to engage in religious activity, or otherwise prevented Plaintiffs from exercising their First Amendment rights, Defendants Snyder, Heyns, and McKee may not be held liable for that conduct solely by virtue of their supervisory authority over those officials. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation

must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In short, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiffs have not alleged that Defendants Snyder, Heyns, or McKee engaged in any active unconstitutional conduct. Thus, Plaintiffs fail to state a § 1983 claim against them.

### C. State law

Plaintiffs also assert that unspecified news stories by Defendants The History Channel and The Detroit News constitute slander and libel under state law, and that Defendants misapplied Michigan law regarding criminal enterprises. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Thus, Plaintiffs' assertion that Defendants violated state law fails to state a claim under § 1983.

### D. Summary

For all of the foregoing reasons, therefore, Plaintiffs' § 1983 action against Defendants Synder, Heyns, McKee, The History Channel, and The Detroit News will be dismissed for failure to state a claim.

III.      Supplemental Jurisdiction

Plaintiffs seek to invoke this Court's supplemental jurisdiction over their state-law claims, but the Court declines to exercise such jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.*; *see also* 28 U.S.C. § 1367(c)(3) (permitting a court to decline to exercise supplemental jurisdiction when it has dismissed the claims over which it has original jurisdiction). Because the Court will dismiss all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state-law claims.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' § 1983 action will be dismissed for failure to state a claim and/or on immunity grounds, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Because Plaintiffs' action will be dismissed, Plaintiffs' motion for a preliminary injunction and/or declaration that they have exhausted their claims (docket #9) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If they are barred, they will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   April 29, 2013              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge